UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED CLERK'S OFFICE

2008 APR 17  A 7: 5'

DISTRICT COURT
DISTRICT OF SOUTH CAROL
CHARLESTON, SC

| | |
|---|---|
| Patrick Jay Wall, #Y-294945, | ) C/A No. 9:08-1570-HMH-GCK |
| Plaintiff, | ) |
| v. | ) **Report and Recommendation** |
| Sumter-Lee Regional Detention Center, (SLRDC) Sumter, South Carolina; Simon Major Jr., Director of the SLRDC; SLRDC Officers; and Both of the Healthcare Providers under Contract with the SLRDC in 2007, Doctors, Nurses, etc., | ) |
| Defendants. | ) |

## *Background of this Case*



The plaintiff is an inmate at the Turbeville Correctional Institution of the South Carolina Department of Corrections (SCDC). The plaintiff has brought suit against the Sumter-Lee Regional Detention Center, its Director, its Officers, and the two contract providers of medical services there in 2007. The plaintiff alleges deliberate indifference to serious medical needs relating to treatment for a spider bite and loss of vision in 2007.

1

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied, Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Since the plaintiff's allegations relating to the spider bite and resulting loss of vision have been decided by summary judgment in a prior civil action, the above-captioned case is barred by the doctrine of *res judicata*. In *Patrick J. Wall v. Simon Major, Jr., Director of Sumter-Lee Regional Detention Center (SLRDC)*, Civil Action No. 9:07-1095-HMH-GCK, the plaintiff on April 25, 2007, filed a civil rights action relating to the spider bite and loss of vision. In an order filed in Civil Action No. 9:07-1095-HMH-GCK on April 27, 2007, the undersigned authorized service of the complaint upon the defendant. The defendant filed an answer on July 2, 2007, and on August 16, 2007, filed a motion for summary judgment. On August 20, 207, the undersigned apprised the plaintiff of dispositive motion procedure, as required by *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). On September 10, 2007, the plaintiff filed his response to the motion for summary judgment.

In a Report and Recommendation filed in Civil Action No. 9:07-1095-HMH-GCK on October 1, 2007, the undersigned recommended that the defendant's motion for summary judgment be granted and that the case be deemed a "strike" under the Prison Litigation Reform Act (PLRA). The parties in Civil Action No. 9:07-1095-HMH-GCK were apprised of their right to file timely written objections to the Report and Recommendation. On October 15, 2007, the plaintiff filed timely written objections to the Report and Recommendation.

In an Order filed in Civil Action No. 9:07-1095-HMH-GCK on October 22, 2007, the Honorable Henry M. Herlong, Jr., United States District Judge, adopted the Report and

3

Recommendation, denied the plaintiff's motion to file an amended complaint, granted summary judgment to the defendant, and deemed the case to be a "strike." The plaintiff's subsequent appeal in Civil Action No. 9:07-1095-HMH-GCK (Fourth Circuit Docket No. 07-7713) was not successful. On February 4, 2008, the United States Court of Appeals for the Fourth Circuit dismissed the appeal for failure to prosecute pursuant to its Local Rule 45, and issued the mandate on the same day.

This court may take judicial notice of Civil Action No. 9:07-1095-HMH-GCK. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).



The above-captioned case is barred by the doctrine of *res judicata*. *Res judicata* bars litigation of all claims or defenses that were available to the parties in the previous litigation, regardless of whether they were asserted or determined in the prior proceeding. *See Brown v. Felsen*, 442 U.S. 127, 131 (1979); *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991); *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir.) (district court erred in denying motion for summary judgment based on *res judicata* where plaintiff attempted, after having brought suit including an ADEA claim, to bring a subsequent suit in a different court alleging breach of contract), *cert. denied*, 506 U.S. 832 (1992); *Hogue v. Royce City*, 939 F.2d 1249, 1253 (5th Cir. 1991) (ADEA

claims subject to dismissal because of previous suit on wrongful discharge); *Langston v. Insurance Company of North America*, 827 F.2d 1044, 1048-49 (5th Cir. 1987) (*res judicata* barred suit under ADEA where previous suit was for wrongful discharge); and *Polsby v. Thompson*, 201 F. Supp. 2d 45 (D.D.C. 2002), where the district court explained the criteria for *res judicata*:

> *Res judicata* bars a claim when there has been a final judgment on the merits in a prior suit involving the same parties or their privies and the same cause of action. *See I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946-47 (D.C.Cir.1983). The four factors that must exist for *res judicata* to apply are (1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) the same cause of action in both suits. *See Brannock Assocs., Inc. v. Capitol 801 Corp.*, 807 F.Supp. 127, 134 (D.D.C.1992) (citing *U.S. Industries, Inc. v. Blake Constr. Co.*, 765 F.2d 195, 205 n. 21 (D.C.Cir.1985)). The purpose of *res judicata* is to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C.Cir.1981).
>
> Determining whether a particular ruling fulfills each factor necessary for *res judicata* to apply requires a careful assessment of what each factor demands. First, a nonparty may be in privity with a party to the prior action if the nonparty's interests are "adequately represented by a party to the original action." *See American Forest Res. Council v. Shea*, 172 F.Supp.2d 24, 31 (D.D.C.2001) (quoting *Tyus v. Schoemehl*, 93 F.3d 449, 454 (8th Cir.1996)). Also, the doctrine of *res judicata* applies to all the parties' rights regarding matters that could have been litigated as well as those matters that were actually litigated. *See I.A.M. Nat'l Pension Fund*, 723 F.2d at 947. Finally, for *res judicata* to apply, the court must have made a final ruling based on the merits of the case. *See U.S. Indus.*, 765 F.2d at 205-06. A traditional judgment on the merits of a case is one that disposes of the underlying cause of action. *See Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L.Ed. 195 (1877). More generally, a judgment is considered on the merits when a court renders a decision after considering the legal claim. *See Harper Plastics, Inc. v. Amoco Chems. Corp.*, 657 F.2d 939, 943 (7th Cir.1981); 18 Moore's Federal Practice § 131 .30[3][a] (3d ed.2000).

> In other words, a ruling is a judgment on the merits if it "is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction, or form." *Id.* (quoting *Fairmont Aluminum Co. v. Comm'r*, 222 F.2d 622, 625 (4th Cir.1955)).

*Polsby v. Thompson*, 201 F. Supp. 2d at 48.

It is readily apparent that the defendants in the above-captioned case are "privies" to Simon Major, Jr., and that the claims raised in the above-captioned case were raised, *or could have been raised*, in Civil Action No. 9:07-1095-HMH-GCK. Moreover, Simon Major, Jr., who is the Director of the Sumter-Lee Regional Detention Center, was the sole defendant in Civil Action No. 9:07-1095-HMH-GCK and is one of the defendants in the above-captioned case. Hence, the above-captioned case is barred by the doctrine of *res judicata*. *Polsby v. Thompson*, 201 F. Supp. 2d at 48.

In summary, the above-captioned case is subject to summary dismissal because the plaintiff's claims relating to the spider bite and loss of vision are *res judicata* because of the summary judgment granted to defendant Simon Major, Jr., in Civil Action No. 9:07-1095-HMH-GCK. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.



*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d at 1296. *See also Shoup v. Bell & Howell*, 872 F.2d 1178, 1182 (4th Cir. 1989) ("'[J]ustice is better served by attributing finality to judgments . . . than by second efforts at improved results.'").

6

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

April 16, 2008  
Charleston, South Carolina

George C. Kosko  
United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).